**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24 CV 1155 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 65 |
| CO GUARD ANDIMAR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Currently before this Court is Plaintiff's "Motion for Court Interference, Request for Court Appointed Attorney Due to Special Circumstances, Plaintiff Plea for Court to Acknowledge" (the "Motion") filed by Plaintiff Michael Allen ("Plaintiff"), an inmate at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), ECF No. 65. The Motion was filed on October 23, 2026, but dated by Plaintiff on October 4, 2026. Id.

In this action, Plaintiff raises civil rights claims related to the use of excessive force by Defendants CO Guard Andimar and CO Guard Fowler ("Defendants") during a bathroom stop at the State Correctional Institution at Pine-Grove ("SCI-Pine Grove") while he was being transported to the State Correctional Institution at Greene ("SCI-Greene"). ECF No. 4.

Previously, on September 28, 2026, Plaintiff filed a "Motion to Correct False Allegations in Claim and Evidence," ECF No. 63, which the Court denied on October 16, 2026, ECF No. 64. Currently, all discovery was to have been completed by October 30, 2026, Plaintiff's Pretrial Narrative Statement and/or Motion for Summary Judgment is due on or before November 30, 2026, and Defendant' Motion for Summary Judgment is due on or before December 30, 2026. ECF No. 62.

### A. Request for Appointment of Counsel

In the Motion, Plaintiff requests appointment of counsel, noting that a lawyer will "assure reception and response of all court proceedings" due to purported collusion of prison officials retaining his legal mail. ECF No. 65 at 2. Th request for appointment of counsel requires the Court to determine whether, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the prosecution of this action.

The United States Court of Appeals for the Third Circuit set forth the standard to be applied by district courts when responding to a request for counsel pursuant to the provisions of 28 U.S.C. § 1915(e)(1) in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). The Third Circuit in Tabron acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant. Id. at 157 n.7. It also recognized that when "[a]n indigent Plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel." Id. at 156. The Third Circuit likewise addressed the practical constraints confronted by district courts regarding the appointment of counsel, which include the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. Id. at 157.

The Third Circuit also announced a series of factors that a trial court should consider and apply in ruling upon a motion for the appointment of counsel. Id. at 155-56. These factors include: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his

or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses.

A review of the Complaint, relevant legal filings, and Motion for Appointment of Counsel in light of the factors announced in Tabron reveals the following.

(1) Plaintiff alleges that his imprisonment status and lack of representation has caused him miss correspondence and legal mailings in this action. However, the Court has seen no evidence of any failure on the part of Plaintiff to sufficiently represent himself to date, he has been able to file a coherent complaint, necessary motions, and the present Motion. The record does not indicate that Plaintiff is unable to pursue his claims or present his case at the current stage of litigation.

(2) The legal issues raised in the Complaint are straightforward. Additionally, as a *pro se* litigant, Plaintiff enjoys the relaxed pleading standard promulgated in Haines v. Kerner, 404 U.S. 519, 520 (1972), and its progeny.

(3) There is no basis to conclude that the necessary factual investigation has been inadequately pursued by Plaintiff through the discovery process, as set forth in the discovery rules of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26-37.

(4) Plaintiff has not asserted that he is unable to afford counsel on his own.

(5) If it proceeds to trial, Plaintiff's case may turn on credibility determinations.

(6) If it proceeds to trial, it is unlikely that this case will involve testimony of expert witnesses. At this juncture, it is too early to make this determination.

Weighing the above factors, the undersigned concludes that appointment of counsel is not appropriate at this time. Indeed, no trial date has been set. Furthermore, this Court notes that Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." Summary judgment motions in this case have not yet been filed. Given that Plaintiff's filings to-

date are coherent, he is current with all deadlines, and in light of the above analysis under Tabron, Plaintiff has not alleged any circumstances that would warrant deviation from that rule.

Accordingly, to the extent Plaintiff's Motion requests appointment of counsel, ECF No. 65, it will be denied.

**B. Request for Interference**

In his Motion, Plaintiff also requests a copy of the last motion filed by defendants and an extension of time to respond to it. ECF No. 65 at 1-2. However, no motion is currently pending before the court and accordingly, this portion of the Motion is denied as moot.

In addition, to the extent Plaintiff's Motion seeks transfer from his current institution, SCI-Huntingdon, to SCI-Phoenix or SCI-Chester, id. at 2-3, the Motion is denied as failing to provide any newly discovered evidence, intervening change in controlling law or clear error of law or fact, or manifest injustice in the Court's prior ruling addressing that same request. See ECF Nos. 46, 47.

AND NOW, this 5th day of November, 2026, IT IS HEREBY ORDERED that the "Motion for Court Interference, Request for Court Appointed Attorney Due to Special Circumstances, Plaintiff Plea for Court to Acknowledge," ECF No. 65, is DENIED WITHOUT PREJUDICE to the extent seeks Plaintiff's Motion for Appointment of Counsel, and is DENIED in all other respects.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.

Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

BY THE COURT:

***/s/ Maureen P. Kelly***
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Michael Allen
LT-8785
SCI HUNTINGDON
1100 Pike Street
Huntingdon, PA 16652

Counsel for all parties via CM/ECF